**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KENNETH WAYNE BIRMINGHAM,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**JUSTIN JONES, Director of the** )<br>**Oklahoma Department of Corrections,** )<br>)<br>**Respondent.** ) | Case No. 08-CV-0515-CVE-FHM |

### OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Before the Court is Respondent's motion to dismiss time-barred petition (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 11) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2001-971. See Dkt. #1. The docket sheet provided by Respondent reflects that on June 18, 2001, the state district court found Petitioner guilty after accepting his pleas of guilty. On August 23, 2001, Petitioner was sentenced to twenty (20) years imprisonment with the last ten (10) years suspended on each of the following counts: Count 1, First Degree Burglary, AFCF; Count 2, Attempted First Degree Burglary, AFCF; and Count 4, Escape, AFCF. He was sentenced to one (1) year in the county jail on two counts (Counts 3 and 6) of Entering Building with Unlawful Intent. All sentences were ordered to be served concurrent to each other and concurrent to a sentence entered in Tulsa

County District Court, Case No. CF-2000-5749.  See Dkt. # 10, Ex. 1 at pages 16-18 of 29. Petitioner did not file a motion to withdraw pleas within ten (10) days of sentencing and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA").

Petitioner did not challenge his convictions until September 9, 2004, when he filed the first of several applications for post-conviction relief.  He also attempted to withdraw his guilty pleas out of time and attempted to obtain post-conviction appeals out of time.  See Dkt. # 10, Ex. 1.

Petitioner commenced this habeas corpus action on July 2, 2008. See Dkt. # 1. He claims his guilty pleas were obtained by false promises and were not knowingly and voluntarily entered.  Id.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2001-971, his convictions became final, pursuant to § 2244(d)(1)(A), ten (10) days after pronouncement of his Judgment and Sentence, or on September 4, 2001. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty or *nolo contendere*). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant petition, began to run on September 4, 2001. Absent a tolling event, a federal petition for writ of habeas corpus filed after September 4, 2002, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek post-conviction relief during the relevant period. Petitioner's first application for post-conviction relief was not filed until September 9, 2004, or two (2) full years after the September 4, 2002, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d

3

1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction and collateral proceedings commenced by Petitioner after expiration of the limitations period do not toll the limitations period. Therefore, this action, commenced on July 2, 2008, appears to be untimely.

Petitioner filed a response (Dkt. # 11) to Respondent's motion to dismiss. Although Petitioner claims he received ineffective assistance of counsel during entry of his guilty pleas, see Dkt. # 11, he fails to demonstrate that his inability to file his habeas petition within the one-year limitations period was due to circumstances beyond his control. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (stating that to be entitled to equitable tolling, a petitioner must demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Nothing in the record or in the response suggests that Petitioner is entitled to either statutory or equitable tolling of the limitations period. As a result, the Court concludes that this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss time-barred petition (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

**DATED** this 11th day of June, 2009.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT